UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES L. RUDZAVICE,

                               Petitioner,                        TRANSFER ORDER
   -against-                                                            13-CV-141 (RRM)

UNITED STATES OF AMERICA,

                               Respondent.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      *Pro se* petitioner James L. Rudzavice, who is incarcerated in Marianna, Florida, filed a petition, ostensibly pursuant to 28 U.S.C. § 2241, in which he challenges a conviction entered in the United States District Court for the Northern District of Texas.  For the reasons below, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), the Court transfers the instant petition to the Northern District of Texas.

## BACKGROUND

      Petitioner was convicted in the Northern District of Texas of violations of 18 U.S.C. §§ 1470 and 2252(a)(2).  The United States Court of Appeals for the Fifth Circuit affirmed the conviction, *United States v. Rudzavice*, 586 F.3d 310 (5th Cir. 2009), and the United States Supreme Court denied certiorari, *Rudzavice v. United States*, 130 S. Ct. 1718 (2010).  Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the Northern District of Texas, which was denied on August 3, 2011.  *Rudzavice v. United States*, Nos. 11–CV–129–A, 07–CR–138–A, 2011 WL 3348071 (N.D. Tex. Aug. 3, 2011).

      This Court received the instant petition on January 7, 2013.  In it, petitioner challenges his conviction in the Northern District of Texas, arguing that the sentencing court was without jurisdiction to impose sentence upon him.  Petitioner styles his petition as one pursuant to 28

U.S.C. § 2241, invoking the "savings clause" of § 2255 by arguing that § 2255 is inadequate and ineffective to test the legality of his detention.

## DISCUSSION

Petitioner was convicted and sentenced in the Northern District of Texas and is currently incarcerated in Florida. He therefore appears to have no connection to the Eastern District of New York, and suggests no basis for this Court's jurisdiction over his claims. Accordingly, the Court lacks jurisdiction over his petition, regardless of whether it is filed under § 2241 or § 2255, and must therefore dismiss the petition or transfer it to "any district . . . in which it could have been brought." § 1406(a); *see Foley v. Martinez*, No. 11-CV-136, 2011 WL 6026166, at *1–2 (D. Vt. Dec. 1, 2011); *Sullivan v. United States*, No. 02 CV 4947, 2002 WL 32096584, at *2 (E.D.N.Y. Dec. 6, 2002); *Idowu v. Harding*, No. 99–CV–3227, 1999 WL 551264, at *1 (E.D.N.Y. June 16, 1999) (noting that the petition was transferred pursuant to § 1406(a)).

The proper venue for Mr. Rudzavice's petition turns on whether the petition arises under § 2241 or § 2255. If the petition arises under § 2241, venue is proper in the district of confinement – here, the Northern District of Florida; if the petition arises under § 2255, venue is proper in the district of the sentencing court – here, the Northern District of Texas. *Foley*, 2011 WL 6026166, at *1–2 (citing § 2255(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). Because Rudzavice's petition challenges the validity of his criminal conviction and sentence rather than the execution of the sentence,[1] it must be brought pursuant to § 2255. *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). Indeed, the Second Circuit has held that, "as a

---

[1] Rudzavice challenges his conviction by arguing that the district court lacked jurisdiction; that 18 U.S.C. § 1470 and the Sentencing Reform Act are unconstitutional; that § 1470 requires that a defendant deliver obscenity to a person who is actually a minor; that his due process rights were violated with respect to the court's accepting his guilty plea; that the arrest warrant was invalid; and that his sentence was procedurally unreasonable.

general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." *Id.*

Petitioner attempts to avoid this general rule by invoking the "savings clause" exception contained in the last clause of § 2255(e), which permits the filing of a § 2241 petition after denial of a previous § 2255 petition when the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). The Second Circuit has held that "§ 2255 may be inadequate or ineffective in circumstances in which 'the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions.'" *Jiminian*, 245 F.3d at 147 (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)).

Section 2255 would not provide an "inadequate or ineffective remedy" in this case, as failure to allow collateral review would not "raise serious constitutional questions." Rudzavice argues that § 2255 is an inadequate remedy because it places impermissible procedural restrictions on a petitioner's ability to seek postconviction relief. The Second Circuit, however, has held that "§ 2255 is not inadequate or ineffective . . . simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion." *Jiminian*, 245 F.3d at 147–48. Rudzavice's claims relate to the sentencing court's jurisdiction and constitutionality of the laws under which he was convicted, and were therefore available on direct appeal or in his prior § 2255 motion. *See* § 2255(a). In fact, he raised many of the same claims in his prior § 2255 motion, which the reviewing court denied. *See Rudzavice v. United States*, Nos. 11–CV–129–A, 07–CR–138–A, 2011 WL 3348071 (N.D. Tex. Aug. 3, 2011).

## CONCLUSION

For the reasons set forth above, Rudzavice's petition is one properly brought pursuant to § 2255; as such, venue is proper in the district of conviction.[2] Accordingly, in the interest of justice, the Clerk of Court is respectfully directed to transfer this case to the United States District Court for the Northern District of Texas. *See* § 1406(a). The Court offers no opinion on the merits of petitioner's claims.[3] That provision of Rule 83.1 of the Local Rules of the Eastern District of New York that requires a seven-day delay is waived.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to petitioner, and to close the file.

SO ORDERED.

Dated: Brooklyn, New York
June 18, 2013

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] Even if the savings clause of § 2255 had been properly invoked, and Rudzavice's claim arose under § 2241, this Court would still not have jurisdiction to consider the claims, because the proper venue for a § 2241 claim is the district of confinement. *See, e.g.*, *Foley*, 2011 WL 6026166, at *1–2. Petitioner is in custody at a federal detention center located in Marianna, Florida, his custodian is the warden of that facility, and the district court with jurisdiction over his custodian would be the United States District Court for the Northern District of Florida.

[3] Nor does the Court take any position on the various requests, motions and objections filed by petitioner. *See* Doc. Nos. 4, 5 and 6.